By the Court.
The plaintiff in error, Nathan Komito, was indicted and convicted of receiving -stolen' property, knowing the same to have been stolen. Said property was received through one Peter Seiss, a “storekeeper” of The Cleveland Furnace Company. The goods were largely junk, composed of copper and bronze plates, tuyeres and valve seats and the -like. There was no question but what the property involved was, at the time in question, in a storeroom owned and controlled by The Cleveland Furnace Company, and that the property belonged -to- The Cleveland Furnace Company,' and, according to Seiss’ statement, he, Seiss, had no authority whatsoever to sell any of the goods. ’ Komito, however, claims that Seiss told him the contrary. That leaves it as a question of disputed fact for the determination of the jury.
On Seiss’ statement, however, it is quite apparent that his so-called possession of the goods was a mere naked custodianship, similar to that of a night-watchman. If the night-watchman were unlawfully to take rhe goods of his master, the prinoi *354 pal, clearly it would be larceny. Even so here, the so-called possession of the goods in question by Seiss is not the legal possession referred to, or required, in the statute. At the time in question The Cleveland Furnace Company was the owner of the goods and the possessor of the goods. Seiss’ taking was larceny, to which he pleaded guilty, and Komito’s getting was clearly receiving stolen property knowing the same to have been stolen.
Courts sometimes indulge in an ethereal refinement between larceny and embezzlement that in .practical operation very often nullifies these statutes. The only benefit accruing from such a policy results in the rather doubtful advantage of the criminal escaping his just punishment.
The jury were fully justified under all the evidence in returning a verdict of guilty against Komito. He has had a fair trial, according to due process of law, and the judgment below, therefore, is affirmed.

Judgment affirmed.

Nichols, C. J., Shauck, Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.